UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00062-07 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GARY SCHNEIDER | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is Petitioner Gary Schneider's ("Schneider") Motion for Compassionate Release. See Record Document 798. The Government has opposed Schneider's motion. See Record Document 802. For the reasons set forth below, Schneider's Motion for Compassionate Release is hereby **DENIED**.

### BACKGROUND

On March 16, 2011, Schneider was charged with three child exploitation crimes relating to his involvement with the "Dreamboard" child exploitation bulletin board, a dark-web based forum. See Record Document 9. On May 31, 2011, Schneider pled guilty to engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). See Record Documents 143-144. Schneider faced a mandatory minimum sentence of 20 years. See id. On January 12, 2012, he was sentenced to 240 months imprisonment followed by supervised release for life. See Record Documents 422, 426-427.

Schneider is currently incarcerated at Oklahoma City FTC. His projected release date is April 15, 2028.

### LAW AND ANALYSIS

Schneider is 70 years old and suffers from hypertension, type II diabetes, hyperlipidemia, hypothyroidism, and he is obese. See Record Document 798. He

believes his age and serious medical conditions place him at imminent risk of serious complications or death if he were to contract the COVID-19 virus.  See id.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Schneider moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

    (1)    prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

    (2)    prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). While the Government does not believe Schneider has exhausted his administrative remedies, this Court will assume, based on Schneider's Exhibit A (Record Document 798-1), that he has exhausted his administrative remedies within the BOP and will proceed to the merits of his motion.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Schneider's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not

dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release.  See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021).  While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction:  (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons.  See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release."  U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i).  If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions

that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Schneider cites his age and a myriad of medical reasons as the basis for his compassionate release. The Government conceded Schneider has at least two health conditions – type II diabetes and obesity – recognized by the CDC as a COVID-19 risk factor, thus comprising as "extraordinary and compelling reason" as that term is defined for purposes of 18 U.S.C. § 3582(c)(1)(A). Notwithstanding, this Court does not believe granting compassionate release in this case would comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A).

The nature and circumstances of Schneider's offense and his history and characteristics disfavor release. He admitted to his participation in a child pornography online forum. Schneider became a member of the Dreamboard child exploitation bulletin board in March 2010. See Presentence Investigation Report at ¶ 14. As a result of his postings, his membership level was raised to VIP. See id. He made 105 posts to the board. See id. Schneider's posts included postings to the hard core sections of Dreamboard. See id. While it is true that Schneider had no criminal history, his actions in the instant offense perpetuated the sexual abuse of children as Dreamboard placed a high premium on the posting of homemade child pornography. The seriousness of his offense is evidenced by the mandatory minimum sentence of 20 years. Thus, it is this Court's belief that a reduced sentence in this case simply would not reflect the seriousness of the offense, would not promote respect for the law, and would not afford adequate deterrence to criminal conduct. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct. Finally,

compassionate release – even to home confinement – would not adequately protect the public from further crimes of this defendant, as offenses such as those committed by the defendant can easily be committed in a home setting and anonymously because of dark-web based activity.

## CONCLUSION

Based on the foregoing reasons, Schneider's Motion for Compassionate Release (Record Document 798) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 20th day of October, 2021.

                                                                  *S. Maurice Hicks*
                                        S. MAURICE HICKS, JR., CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT